**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HELEN MARLENE MILLER,

    Plaintiff,

v.

DCC LITIGATION FACILITY, INC.,

    Defendant.
_____/

Case No. 05-30133

Honorable Denise Page Hood

**ORDER DENYING MOTION TO REOPEN CASE AND**
**DENYING MOTION FOR CASE REVIEW, REVIVAL AND**
**FINAL ACCOUNTING  (ECF Nos. 90 and 95)**

**I.   BACKGROUND**[1]

This matter is before the Court on two motions filed by Plaintiff Helen Marlene Miller: Renewed Motion to Reopen Case, filed September 16, 2022 (ECF No. 90) and Motion for Case Review, Revival and for Final Accounting, filed October 31, 2022 (ECF No. 95).  Briefs have been filed.  For the reasons set forth below, the motions are denied.

On September 29, 2016, the Court entered an Order and Judgment dismissing Miller's case against Defendant DCC Litigation Facility, Inc.  (ECF Nos. 88, 89)

---

[1] The following published opinions provide a detailed history of this bankruptcy action: *In re Dow Corning Corp.*, 255 B.R. 445 (E.D. Mich. 2000), 86 F.3d 482 (6th Cir. 1996), 113 F.3d 565 (6th Cir. 1997), 280 F.3d 648 (6th Cir. 2002), and 456 F.3d 668 (6th Cir. 2006).

Miller did not appeal the Order and Judgment. Almost six years later after the entry of Judgment, as set forth above, Miller filed the Motion to Reopen Case, followed by a Motion for Case Review, Revival and for Final Accounting.

Miller opted out of the settlement process before the Settlement Facility-Dow Corning Trust ("SF-DCT") as provided under the Dow Corning Amended Joint Plan of Reorganization ("Plan"). The Effective Date for the confirmed Plan was June 1, 2004. (April 2, 2004 Order Establishing Effective Date, Bankruptcy Case No. 95-20512) Pursuant to the Plan, claimants who choose to litigate their claims must file claims against the DCC Litigation Facility ("Litigation Facility"). (Plan, Art. 5.4, 6.1)

Choosing to litigate her claims, Miller filed the instant action claiming various illnesses and medical conditions, including: Barrett's esophagus; Lupus; Crest; Autoimmune Diseases; Loss of Sight due to Autoimmune Disease; Rare Mucolusa in gallbladder; EBV; muscle weakness, severe pain in joints and bones; and fibromyalgia. Miller claims these conditions were caused by the Surgitek gel-filled silicone breast implants implanted in 1975 and 1976; "Silastic" implants placed in 1977; Heyer Schulte saline implants implanted in 1978; Optiman implants placed in 1985; "Silastic" implants placed in 1988 and/or the raw silicone materials used in the implants. (Complaint, ECF No. 9 and Motion/Questionnaire, ECF No. 71, PageID.3361-3363)

2

On September 29, 2016, the Court granted DCC Litigation Facility's Motion for Summary Judgment, finding that "summary judgment must be granted in the Litigation Facility's favor since Miller is unable to present any expert who will testify that Dow Corning silicone cause diseases or other symptoms." (ECF No. 88, PageID.3926) The Court also found that Miller's suit was time-barred under Ohio's statute of limitations. (ECF No. 88, PageID.3928)

## II. ANALYSIS

### A. Motion to Reopen Case

Rules 59 and 60 of the Rules of Civil Procedures govern the motions since a final Judgment has been entered in this matter. Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Local Rules of the Eastern District of Michigan provides that any motion to alter or amend judgment must be filed within the time allowed by Federal Rule of Civil Procedure 59(e). E.D. Mich. LR 59.1(a). The present motions seeking to reopen the case or to further review the case, are untimely under Rule 59(e) and LR 59.1(a) since the motions were filed about six years after the entry of the Judgment in 2016.

Rule 60(b) provides that, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

3

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or if based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

There are time limitations governing the filing of a Rule 60(b) motion. Rule 60(c) states that a motion under Rule 60(b) "must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment, order or the date of the proceeding." Fed. R. Civ. P. 60(c). In any circumstances, motions under subsections (1), (2) and (3), cannot be filed more than one year after the judgment was entered. Fed.R.Civ.P. 60(c). Under the catch-all provision in subsection (6), the Sixth Circuit has held that a Rule 60(b)(6) motion must be based upon some reason other than those stated in subsections (1) to (5). *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985). Relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Buck v. Davis*, 580 U.S. 100, 123 (2017)(citation omitted)*; Olle v. Henry & Wright*

4

*Corp.,* 910 F.2d 357, 365 (6th Cir. 1990)(citations omitted). The party seeking relief under Rule 60(b) bears the burden of establishing grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merchandising, Inc.,* 538 F.3d 448, 454 (6th Cir. 2008). The interests of finality of judgments and judicial economy outweigh the value of giving a party a second bite of the apple by allowing a Rule 60(b) motion after an appeal period has run. *Pierce v. United Mine Workers of America Welfare*, 770 F.2d 449, 451-452 (6th Cir. 1985). "[T]he decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Jones v. Bradshaw*, 46 F.4th 459, 482 (6th Cir. 2022)

An appeal from an order denying a civil Rule 60(b) motion does not bring up for review the underlying judgment disposing of the case. *Browder v. Dir., Dep't of Corrs.,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). Rather, the inquiry is limited to "whether one of the specified circumstances exists in which [the plaintiff] is entitled to reopen the merits of his underlying claims." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

Based upon the Court's reading of Miller's motion, the first issue raised is that

based on a September 9, 2022 report by Reuter; the U.S. Food and Drug Administration ("FDA") announced that cancer has been found in the scar tissue of silicone breast implants. (ECF No. 90, PageID.3933) It appears Miller is seeking to reopen her case either based on newly-discovered evidence under Rule 60(b)(2) or the catch-all provision under Rule 60(b)(6). Rule 60(b)(2), along with subsections (b)(1) and (b)(3) are unavailable since any motions under these provisions must be filed within one year from the entry of judgment, which in this case was September 29, 2016, about seven years ago. Rules 60(b)(4) (the judgment is void) and ((b)(5) (the judgment has been satisfied, released, or discharged) also do not apply since there is no showing that the judgment is otherwise invalid.

As to the catch-all provision under Rule 60(b)(6), the Court finds that noting a finding by the FDA that cancer has been found in the scar tissue of silicone breast implants does not support extraordinary relief to reopen the case. There is no evidence presented linking the recent FDA findings to the implants which were before this Court, other than a Reuter report. The Court's Order dismissing this case was based on the failure to present competent causation testimony and that the applicable statute of limitations barred the claims. The Reuter report on the FDA's findings does not support exceptional or extraordinary relief to reopen the case. Miller has not met her burden for the case to be reopened.

### B. Motion for Case Review and Revival and for Final Accounting

Miller asserts that Dow Corning promised to pay women $3.2 Billion, but that it has paid much less. The Dow Defendants respond that Miller chose to resolve her claims via litigation and not through settlement, therefore she is not entitled to any further case review or final accounting.

As noted above, Miller opted out of the settlement process before the SF-DCT as provided under the Plan, instead choosing to litigate her claims against the Litigation Facility. There is no provision under the Plan that allows a claimant who chose to litigate claims to be able to later obtain further review of the case before the SF-DCT. Miller is bound by her choice to litigate her claims before the Litigation Facility and is not entitled to any review under the settlement process before the SF-DCT.

### III. CONCLUSION/ORDER

For the reasons set forth above,

IT IS ORDERED that the Renewed Motion to Reopen Case **(ECF No. 90)** is DENIED.

IT IS FURTHER ORDERED that the Motion for Case Review and Revival and for Final Accounting **(ECF No. 95)** is DENIED.

 S/Denise Page Hood
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

DATED: September 29, 2023

## CERTIFICATE OF SERVICE/MAILING

I certify that a copy of this document was served on this date, by electronic or ordinary mail to all parties in interest.

S/Sarah Schoenherr
Deputy Clerk
(313) 234-5090